## S99A0354. LEWIS v. THE STATE.
(515 SE2d 382)

SEARS, Justice.

Appellant Richard Cornelius Lewis shot and killed Tommy John-

son outside a nightclub in Albany.[1] Witnesses testified that prior to the shooting, there had been a heated exchange of words between the victim and one of appellant's companions, after which the victim left the nightclub and crossed the street. Appellant followed, and in full view of witnesses, fired his handgun three times at the victim. One of the bullets hit the victim in the back of his head, killing him.

Appellant immediately fled the scene, while one of his companions ran to the victim's body and took a gun from the victim's pocket. Appellant's companions then rejoined him around the corner from the nightclub, and the trio drove off. Appellant threw the victim's handgun and the murder weapon into bushes near the home of a girlfriend.

One of appellant's companions, believing himself to be a primary suspect in the murder, called the police and identified appellant as the shooter. Appellant was arrested and after receiving his *Miranda* rights, voluntarily gave a statement to the police in which he admitted having shot the victim. He also helped investigators retrieve the discarded weapons. Subsequent ballistics testing determined that the fatal bullet was fired from appellant's handgun.

1. Viewed in a light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find appellant guilty of murder.[2]

2. At trial, appellant asserted that he fired in self-defense because of perceived threats against him and his companions. Appellant testified on his own behalf, and his attorney attempted to ask him about a previous incident in which he had been the victim of a drive-by shooting committed by an unknown third person. The trial court sustained the State's objection to this line of questioning, and, in his sole enumeration of error, appellant claims that ruling was erroneous.

Appellant urges that because he claimed he shot the victim in a justified act of self-defense, he should have been allowed to give descriptive testimony of the earlier incident in which he was shot by an unknown person for the purpose of explaining to the jury how, on the night of the murder, he reasonably believed that a real and present danger threatened his life and the lives of his companions, necessitating his use of deadly force.

Where a justification defense is raised, the jury must determine

---

[1] The murder occurred on January 1, 1994 and appellant was indicted on April 1, 1994. On November 15, 1994, appellant was found guilty of murder, and sentenced to life imprisonment. His new trial motion was filed on December 14, 1994 and denied on November 6, 1998. The appeal was docketed in this Court on December 1, 1998 and submitted for decision without oral argument.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(among other things) whether it is based upon circumstances that would excite the fears of a reasonable person.[3] Because evidence of violent acts committed *by the victim* against either a defendant (or against third parties) is relevant to this inquiry, such evidence may be introduced by a criminal defendant claiming justification.[4] However, it does not follow that violent acts allegedly committed by *unknown third persons* against a defendant should be admitted in support of a justification defense. When assessing claims of justification, the subjective fears of a particular defendant are irrelevant.[5] In cases where this Court has ruled that a defendant claiming justification should be allowed to introduce evidence that he or she has been the victim of an earlier attack, the attacker was the individual against whom the defendant purportedly used self-defense.[6] No precedent exists that would allow appellant to support his justification defense with an explanation that he had been the victim of an earlier attack committed by an unknown person. Such evidence is simply not relevant to whether the circumstances surrounding the commission of the crime for which appellant was being tried would have excited the fears of an objective reasonable person to the point where the use of self-defense was justified. Accordingly, the trial court did not err in excluding the evidence in this case.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Brimberry, Kaplan & Brimberry, Mark D. Brimberry,* for appellant.

*Kenneth B. Hodges, District Attorney, Gregory W. Edwards, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.

---

[3] OCGA § 24-2-1.

[4] *Chandler v. State,* 261 Ga. 402, 407 (405 SE2d 669) (1991); *Milton v. State,* 245 Ga. 20, 22 (262 SE2d 789) (1980).

[5] See *Moore v. State,* 228 Ga. 662, 666 (187 SE2d 277) (1972); Kurtz, *Criminal Offenses and Defenses in Georgia,* p. 523 (3rd ed. 1991).

[6] See, e.g., *Daniels v. State,* 248 Ga. 591 (285 SE2d 516) (1981); *Clenney v. State,* 256 Ga. 123 (344 SE2d 216) (1986) (explaining *Daniels*), overruled on other grounds, *Chandler,* supra.