## A00A2156. ROWE v. THE STATE.
(542 SE2d 578)

BLACKBURN, Presiding Judge.

Horace Rowe appeals the trial court's denial of his motion to withdraw his plea of guilty to armed robbery, contending that the plea was not intelligently and voluntarily given. Specifically, Rowe argues that (1) he made the plea based upon a mistaken presumption that he would receive a probated sentence and (2) his attorney told him that, if he did not plead guilty, he would receive a sentence of twenty years to serve as opposed to the ten years he received pursuant to the plea. For the reasons set forth below, we affirm.

> An accused may withdraw a guilty plea at any time before judgment is announced. See OCGA § 17-7-93 (b). But after sentence is pronounced, as here, permission to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and the court's decision will not be disturbed unless that discretion is manifestly abused.

*Dalton v. State.*[1]

> After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Punctuation omitted.) *Holman v. State.*[2]

The State showed that Rowe's plea was entered voluntarily and intelligently, and the trial court's discretion was not abused in this case. Rowe chose to plead guilty to armed robbery during his trial, shortly after three compatriots testified that he was involved in the crime. Rowe testified that he understood the nature of the charges against him as well as the contents of the plea form he signed. He further testified that his attorney discussed the plea with him, explaining to him that he would receive a mandatory minimum sentence of ten years for armed robbery and that he would have to serve every day of those ten years. Rowe also testified that he understood

---

[1] *Dalton v. State*, 244 Ga. App. 203, 205 (534 SE2d 523) (2000).
[2] *Holman v. State*, 236 Ga. App. 111, 114 (2) (511 SE2d 240) (1999).

the nature of the rights he would be waiving by pleading guilty and that his attorney discussed these rights with him.

Furthermore, although Rowe contends that his attorney told him that he would absolutely receive a 20-year sentence if his trial continued, Rowe's attorney testified that he advised Rowe only that a 20-year sentence was a possibility, not a certainty. As the trial court appropriately pointed out, this issue raises a question of credibility, and, as such, it was properly decided below and will not be considered here. *McCloud v. State*.[3]

Rowe also argues for the first time on appeal, without separately enumerating the error, that his trial counsel rendered ineffective assistance by failing to fully inform him about the implications of his plea. However,

> [o]ur Supreme Court has stated that an ineffective assistance of trial counsel claim must be raised at the first practicable moment. *Bailey v. State*.[4] The Court has further held that a claim of ineffective counsel must be raised before appeal if an opportunity to do so is available. *Glover v. State*.[5] If the opportunity to present such a claim was available, "the failure to seize that opportunity is a procedural bar to raising that issue at a later time." Id.

*Wilcox v. State*.[6]

In this case, Rowe failed to raise his claim at the earliest practicable moment. As Rowe's trial attorney did not handle the motion to withdraw the guilty plea, Rowe's new attorney could have filed the ineffective assistance claim at that time. Because the claim was not filed, it was waived. *Wilcox*, supra.

Therefore, the evidence of record shows that Rowe's guilty plea was both freely and intelligently entered, and the trial court properly denied Rowe's subsequent motion to withdraw that plea.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 20, 2000.

*Robert L. Ferguson*, for appellant.

---

[3] *McCloud v. State*, 240 Ga. App. 335, 336 (2) (525 SE2d 701) (1999).
[4] *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1991).
[5] *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).
[6] *Wilcox v. State*, 236 Ga. App. 235, 239 (4) (511 SE2d 597) (1999).

*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.