A07A0072. SALLINS v. THE STATE.
(657 SE2d 309)

MIKELL, Judge.

Latorey Sallins pled guilty to rape and aggravated assault with a deadly weapon on March 16, 2006, and was sentenced to 20 years by the Camden County Superior Court. Sallins filed a motion to withdraw his guilty plea on April 12, 2006, which was denied.[1] On appeal, Sallins argues that he received ineffective assistance of counsel. Sallins also argues that his motion to withdraw his guilty plea should have been granted due to the manifest injustice that resulted from his counsel's ineffective assistance. We affirm.

---

[2] 282 Ga. 822 (653 SE2d 729) (2007).

[1] The terms of court for the Superior Courts of Camden County begin on the first Monday in April and November. OCGA § 15-6-3 (7) (B). Thus, Sallins's motion to withdraw his guilty plea was filed outside the term of court in which his sentence was entered. It is well settled that a superior court's jurisdiction to hear such a motion ends after the term in which the defendant is sentenced unless the sentence is void, which is not the case here. *Kaiser v. State*, 285 Ga. App. 63, 68 (1) (646 SE2d 84) (2007). However, because Sallins was incarcerated in Camden County at the time he filed his motion, the trial court could have construed it as a habeas petition. *Anderson v. State*, 281 Ga. App. 215, 216 (635 SE2d 828) (2006). Compare *Johnson v. State*, 287 Ga. App. 759, 761 (2) (652 SE2d 836) (2007) (trial court lacked jurisdiction to consider whether motion to withdraw guilty plea could be construed as a habeas corpus petition where motion was not filed in county of defendant's incarceration). Without addressing the basis of its jurisdiction, the trial court nonetheless elected to hear the motion, considered the evidence, and issued an order denying the motion to withdraw and finding that Sallins received effective assistance of counsel. The issue of the trial court's authority to hear the motion was not raised on appeal. Pretermitting whether the trial court had authority, we exercise our discretion to review the case on the merits.

A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion. When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.[2]

1. "In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo."[3] In order to establish that his trial counsel was ineffective, Sallins must show first, that the performance of counsel "fell below an objective standard of reasonableness" and second, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[4] However, "a court is not required to address both prongs of the *Strickland* test if the showing on one prong is insufficient."[5]

Sallins has failed to satisfy the first prong of this test because he has not demonstrated that trial counsel's performance fell below an objective standard of reasonableness. Sallins argues that his trial counsel was ineffective because he did not investigate the case, obtain the forensic evidence, seek a hearing on the admissibility of Sallins's inculpatory statement, or prepare for trial. Trial counsel testified at the hearing on the motion to withdraw the guilty plea that he was appointed to represent Sallins and that he met with Sallins at least five or six times throughout the duration of the case. Trial counsel could not recall whether he filed consolidated pre-trial motions in the case or whether there was a standing discovery order issued by the court. But in response to Sallins's counsel's repeated inquiries of trial counsel about the pre-trial motions, the court explained that a

---

[2] (Footnote omitted.) *Frost v. State*, 286 Ga. App. 694 (649 SE2d 878) (2007). See also *Dalton v. State*, 244 Ga. App. 203, 205 (2) (534 SE2d 523) (2000).

[3] (Citation and footnote omitted.) *Griffith v. State*, 286 Ga. App. 859, 866 (10) (650 SE2d 413) (2007).

[4] (Citation and punctuation omitted.) *McIntyre v. State*, 239 Ga. App. 623, 623-624 (520 SE2d 55) (1999), citing *Hill v. Lockhart*, 474 U. S. 52, 57 (106 SC 366, 88 LE2d 203) (1985).

[5] (Citation omitted.) *Hart v. State*, 272 Ga. App. 754, 757 (2) (613 SE2d 107) (2005) (affirming the denial of motion to withdraw guilty plea asserted on grounds of ineffective assistance of counsel).

standing order was issued in the case, which meant that it was not necessary to file individual discovery motions because all motions, including *Jackson-Denno* motions were considered filed.

Trial counsel further testified that he thoroughly reviewed the discovery provided by the state with Sallins; that he tried to get the names of witnesses who might testify favorably for Sallins; and that Sallins offered him no witnesses and explained to him that since the rape involved his cousin, his family was no longer communicating with him. Counsel stated that he informed Sallins that after reviewing the evidence in the case, he could come up with no plausible defense and asked for Sallins's suggestions, but Sallins offered no defense.

Sallins testified and admitted that he did not give his trial counsel any information or identify any witnesses who could help his defense. Nonetheless, he maintained that trial counsel should have been able to get his case dismissed because there was no DNA evidence connecting him to the crime. Sallins's position ignores the other evidence that would have been introduced had the case proceeded to trial. Based on the state's recitation of the facts at the plea hearing, the victim, Sallins's cousin, would have testified that he forcibly raped her, hit her on the head with a blunt object, tried to choke her with his hands and put a pillow over her face. Additionally, the nurse who examined the victim at the hospital would have testified that the lack of DNA evidence would not have been inconsistent with a finding of forcible rape. The state also intended to introduce photographs of the victim's injuries as well as the claw marks on Sallins's chest. Based on the evidence in the record, we conclude that Sallins has not shown that his trial counsel's performance was deficient, and Sallins's ineffectiveness claim fails.

2. Relying on the grounds asserted in his ineffectiveness claim, Sallins also contends his plea was not voluntarily entered. Sallins claims that his trial counsel forced him to enter his guilty plea, testifying that when he told trial counsel that he did not wish to enter a plea, trial counsel walked out and slammed the door. Trial counsel testified that he did not coerce Sallins into pleading guilty and that he went over every paragraph of the plea petition with Sallins, who signed it and indicated that he understood what he was doing. Moreover, the record supports the trial court's conclusion that Sallins knowingly and intelligently entered his guilty plea.

The trial court determined that Sallins could read and write and that he read the plea petition and waiver of rights form and discussed it with his attorney and that Sallins understood and voluntarily entered the plea. The trial court informed Sallins of the rights he was waiving by pleading guilty, including his right to remain silent, to trial by jury, to subpoena and confront witnesses, and other rights

listed in the plea petition. The trial court asked the state to explain the minimum and maximum sentences for each offense charged and to set forth the facts supporting the plea. During the state's recitation of the sentences and facts, Sallins was repeatedly asked if he understood what was being explained, and Sallins indicated that he did. Sallins then pled guilty, and the trial court concluded that his pleas were wilfully, knowingly, and voluntarily given. Based on the record, therefore, we conclude that the state met its burden of showing that the defendant offered his plea knowingly, intelligently, and voluntarily, and the trial court did not abuse its discretion when it denied Sallins's motion to withdraw his guilty plea.[6]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 30, 2008.

*Kimberly L. Copeland*, for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.

---

[6] See *Rios v. State*, 281 Ga. 181, 183 (4) (637 SE2d 20) (2006).