## A08A1914. MAPLES v. THE STATE.
(666 SE2d 609)

BLACKBURN, Presiding Judge.

Following his guilty plea to armed robbery, Donald Maples moved to withdraw that plea, claiming that he was misled into believing that his 20-year sentence would run concurrently with an anticipated sentence to be imposed by Tennessee for violating parole. The court found that the sentences were indeed running concurrently and denied the motion to withdraw, which ruling Maples appeals. Discerning no error, we affirm.

---

[9] *Smith v. State*, 245 Ga. App. 613, 618 (538 SE2d 517) (2000).
[10] *Thompson v. State*, 230 Ga. App. 131, 132 (495 SE2d 607) (1998).

Faced with a videotape of the crime, his fingerprints at the scene, his own confession, an eyewitness who could identify him, and his own criminal record of 17 similar felonies (which could increase his sentence), Maples decided on the day of trial to plead guilty to robbing a victim by use of a handgun. As per the negotiated plea, the Dade County Superior Court judge specified that the 20-year sentence would run concurrently with any other sentences being served or which might be imposed by Tennessee for any parole violation arising from the Georgia robbery. When Tennessee did not extradite Maples to hold a hearing on his parole violation, Maples moved to withdraw his Georgia guilty plea, arguing that contrary to the agreement, his time in a Georgia prison was not running concurrently with his anticipated but not yet imposed Tennessee sentence. Following a hearing, the trial court denied his motion to withdraw, giving rise to this appeal.

1. We first hold that procedural grounds supported the trial court's denial of Maples's motion to withdraw. Sentenced on January 28, 1998, pursuant to his guilty plea, Maples did not move to withdraw his plea until July 11, 2001, which was well beyond the term of court in which he was sentenced. See OCGA § 15-6-3 (22) (C) (Dade County Superior Court terms commence in April and October of each year). "[I]t is well settled that a trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea filed after the term of court in which the defendant was sentenced under the plea." *Smith v. State*.[1] At this point, the proper recourse is through habeas corpus proceedings. Id. at 376, n. 1.

2. Moreover, the trial court was correct on substantive grounds. Maples contends that the court erred in denying his motion to withdraw, which asserted not only that the sentence was not running concurrently with the Tennessee sentence as promised but that his trial counsel provided ineffective assistance of counsel by misinforming Maples that (i) the sentences would run concurrently and (ii) the sentences would be served in Tennessee. See *Rollins v. State*[2] (counsel's affirmative act of misinforming client as to collateral consequences may constitute deficient performance); *Barber v. State*[3] (defendant must understand the consequences of his plea). Maples asserts no other defects in the voluntariness or intelligence of his guilty plea.

The standard of reviewing the trial court's order is clear:

---

[1] *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008).

[2] *Rollins v. State*, 277 Ga. 488, 489-490 (1) (591 SE2d 796) (2004).

[3] *Barber v. State*, 231 Ga. App. 176, 177 (2) (498 SE2d 758) (1998).

It is well settled that after sentence is pronounced, as here, permission to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and the court's discretion will not be disturbed unless that discretion is manifestly abused. . . . When the validity of a guilty plea is challenged, the [S]tate bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily. However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.

(Punctuation and footnote omitted.) *Franklin v. State*.[4]

We discern no abuse of discretion. Maples's trial counsel testified that based on conversations with and correspondence received from the Tennessee parole board (which correspondence was admitted at the hearing), Maples's Tennessee sentence was indeed running concurrently with and was crediting the time served in the Georgia sentence, even though the actual parole revocation hearing might not take place (if ever) until the conclusion of his Georgia sentence. Based on this evidence, the trial court found that nothing other than speculation supported Maples's claim that the sentences were not running concurrently. The trial court was authorized to credit trial counsel's testimony and the Tennessee documents over Maples's speculation. See *Rowe v. State*.[5]

Similarly, the trial court could credit counsel's testimony that he informed Maples that the sentence would be served in Georgia unless counsel was able to convince Tennessee authorities to extradite Maples to Tennessee before service of the Georgia sentence. Counsel made no guarantees as to the success of this endeavor. Because counsel was unsuccessful in persuading Tennessee authorities to do so, Maples was required to serve his sentence in Georgia, just as he was forewarned could happen. Since evidence supported the trial court's finding to this effect, we discern no abuse of discretion.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 4, 2008.

---

[4] *Franklin v. State*, 291 Ga. App. 267, 268 (661 SE2d 870) (2008).
[5] *Rowe v. State*, 246 Ga. App. 855, 856 (542 SE2d 578) (2000).

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Leonard C. Gregor, Jr., Assistant District Attorney*, for appellee.