[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14756
Non-Argument Calendar

_____

D. C. Docket No. 07-01756-CV-WSD-1

FREDERICK RADFORD,

Petitioner-Appellant,

versus

VICTOR WALKER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 24, 2009)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Frederick Radford appeals the District Court's rejection of his habeas petition. The District Court granted a Certificate of Appealability ("COA") on three grounds. No reversible error has been shown; we affirm.

On appeal, petitioner argues that his counsel was ineffective for failing to present evidence of his paranoid schizophrenia and for failing to investigate the condition adequately. In addition, the petitioner argues that the District Court abused its discretion by ruling against his motion to dismiss without prejudice.

We review the District Court's ruling under 28 U.S.C. § 2254 de novo. Agan v. Singletary, 12 F.3d 1012, 1017 (11th Cir. 1994). The district court examines the state court's decision to determine if it was "(1) contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 120 S. Ct. 1495, 1519 (2000) (internal citations omitted).

Defendant raises two ineffective assistance of counsel claims. These claims are linked, and so we will analyze them at the same time. The Defendant's lawyer made a decision, supported by case law and later approved by Georgia's courts, that presenting evidence of paranoid schizophrenia would be counter productive.

2

He decided that (1) the evidence was not sufficient to support an insanity defense under Georgia law, and (2) that it would undermine his main theory of self-defense, which under Georgia law is an objective standard. Lewis v. State, 515 S.E. 2d 382, 383 (Ga. 1999).

The defendant's lawyer made a decision, in consultation with the defendant, not to present the defendant's paranoid schizophrenia to the jury. The state court's analysis of the lawyer's conduct was not contrary to federal law. We will not disturb that decision.

Before the state trial, the petitioner's lawyer acquired the petitioner's medical history, talked to the petitioner about his mental health, and talked to the petitioner's mental healthcare provider. After this investigation, the lawyer believed no further investigation would be beneficial. Defendant presents no new evidence that his lawyer would have found, nor does the defendant present law or precedent that would require his lawyer to investigate more than he did. The state court ruling is sufficient.

The petitioner's third claim deals only with the District Court. We review for an abuse of discretion the District Court's refusal to grant a motion to dismiss without prejudice. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 (11th Cir. 2001). The District Court ruled that later habeas petitions filed by the

defendant would be untimely, because the petitioner filed the motion more than one year since his conviction became final: exceeding the statute of limitations under 28 U.S.C. § 2244. The defendant fails to provide a reason that the statute of limitations would toll. Because the defendant would not be able to file later habeas petitions, it was not an abuse of discretion for the District Court to rule on the habeas petition before it.

AFFIRMED.