### A09A2184. DIX v. THE STATE.
(691 SE2d 323)

SMITH, Presiding Judge.

Mark Dix pled guilty to one count of sexual exploitation of children and was given a first offender sentence of ten years to be served on probation.[1] He appeals from the trial court's denial of his amended motion to withdraw his guilty plea.[2] Finding no error, we affirm.

In his sole enumeration of error, Dix contends he would not have entered his plea of guilty but for the erroneous advice and ineffective assistance of his counsel. He claims that counsel advised him that his residence did not fall within a restricted area in which sexual offenders could not reside and that he would not have pleaded guilty had he known that he would have to move.

> When the defendant challenges the validity of a guilty plea, the state bears the burden of proving affirmatively from the record that the defendant entered his plea knowingly, intelligently, and voluntarily. If the defendant bases his motion to withdraw on an ineffective assistance of counsel claim, however, he bears the burden of showing that his attorney's performance was deficient and that, but for counsel's errors, there is a reasonable probability that he would have insisted on a trial instead of entering a plea. The trial court's finding that plea counsel rendered effective assistance will be affirmed unless clearly erroneous. Moreover, in ruling on a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual disputes raised by

---

[1] It appears, however, that Dix was incarcerated on a probation revocation charge.

[2] Dix initially moved to withdraw his guilty plea shortly after sentencing, and after his counsel withdrew insisted upon representing himself. That motion was denied. Later, Dix obtained counsel and moved for a rehearing. That motion was granted, and Dix filed an amended motion to withdraw his plea.

the evidence. If evidence supports the trial court's findings, we must affirm. Ultimately, the trial court's ruling on a motion to withdraw a guilty plea is a matter of sound discretion and will not be disturbed absent a manifest abuse of such discretion. Bearing these principles in mind, we address [appellant's] claims.

(Citations, punctuation and footnotes omitted.) *Skinner v. State*, 297 Ga. App. 828, 829 (678 SE2d 526) (2009).

Here, after a lengthy hearing at which both Dix and his trial counsel testified, the trial court entered a thoughtful order considering Dix's claims in detail. With respect to the ruling appealed here, the trial court concluded that trial counsel made a good faith effort to investigate whether Dix's residence ran afoul of the state statute, and concluded that it did not, but also advised Dix that the sheriff's office would make the final determination. The court noted that a probation officer also informed Dix that a final determination would be made by the sheriff's office. The court concluded that while an unintentional misrepresentation was made, it did not result in incarceration or the loss of any property interest, since Dix was merely occupying rental property. The trial court also determined that, even if trial counsel's performance was deficient, Dix had the burden of showing a reasonable probability that he would have insisted on a trial rather than pleading guilty, and Dix had failed to make that showing because he represented to the trial court that he pled guilty for other, unrelated reasons.

The record contains evidence supporting the trial court's determinations. At the hearing on the motion to withdraw the plea, trial counsel testified that Dix's original defense was that he possessed child pornography but only for "research purposes," and that the child victim inadvertently viewed the images on Dix's computer without his knowledge. Shortly before trial, however, counsel learned that the victim was planning to testify and to state that Dix showed him the images intentionally. This "became devastating to the defense. Because any valid purpose would have been eliminated." Counsel testified that this was the reason for entering a plea. When the trial court received Dix's plea, it questioned him about his reasons for entering a plea, and Dix responded that the case was "emotionally stifling" and that he had learned the victim would testify and was concerned that it would "traumatize" the child.

Dix testified at the hearing on the motion to withdraw his plea that he would never have entered a plea of guilty had he known he would have to move. As the trial court noted, however, this was not consistent with his earlier testimony or the "entire record." The trial court then concluded that Dix entered his plea as a result of

learning that the victim planned to testify and the effect that would have on his planned defense.

"To the extent that [Dix's] testimony at the hearing on his motion to withdraw contradicted his plea hearing testimony, credibility issues arose, which only the trial court could resolve. [Cit.]" *Whitesides v. State*, 266 Ga. App. 181, 187 (2) (596 SE2d 706) (2004). "The trial court, as the judge of credibility, was authorized to weigh [Dix's] assertions against his conflicting statements, the testimony of his counsel, and the testimony from the plea hearing." *Swantner v. State*, 244 Ga. App. 372, 376 (2) (b) (535 SE2d 343) (2000). The evidence authorized the trial court to conclude that Dix decided to enter a plea as the result of learning that the victim would testify, not because he believed he would not have to move.

Trial counsel also testified that he and Dix "endlessly" discussed the sexual offender registry and residence requirements both before and after the plea. He testified that he questioned Dix regarding the layout of his neighborhood, personally visited the neighborhood, and spoke to the governor's office regarding the proper method of measuring distance. Based on this investigation, he "told [Dix] I didn't think there was a problem. But ultimately that the Sheriff would have to determine that. And I did specifically tell him that anyone with these type of charges would be screwed with badly." He reiterated that "I didn't see a problem. I told him that, but told him that I wasn't the one to make that determination. That the Sheriffs would do everything they could to try and give him trouble, because that's been my experience." A probation officer testified that she spoke to Dix and his counsel immediately before he entered his plea, and cautioned them that his address "will have to be checked out by probation and the Sheriff's office. That you can't just know that your address is okay. They both said they knew that." Dix testified at the hearing on his motion that trial counsel "flat out guaranteed" that he would not have to move, but as the trial court noted, the testimony of the probation officer was undisputed.

Evidence was presented that counsel and the probation officer advised Dix that the sheriff was the ultimate arbiter of the residence requirements, and moreover trial counsel cautioned Dix that the sheriff would make trouble if he could. Dix thus was informed that counsel might ultimately be found to be in error, as he was. "Counsel made no guarantees as to the success of this endeavor. Because counsel was unsuccessful in persuading . . . authorities," Dix's residence was found to be impermissible, "just as he was forewarned could happen." *Maples v. State*, 293 Ga. App. 232, 234 (2) (666 SE2d 609) (2008) (counsel did not guarantee appellant would be extradited to another state to serve his sentence). See also *Rowe v. State*, 246 Ga. App. 855, 856 (542 SE2d 578) (2000), in which the appellant

testified that he was told he would absolutely receive a 20-year sentence if his trial continued. However, trial counsel testified that he advised appellant that "a 20-year sentence was a possibility, not a certainty." We held that this testimony raised a credibility question which was for the trial court, and it would not be considered on appeal. Id.

Given the testimony presented below and the requirement that the trial court assess witness credibility, we conclude that the trial court did not abuse its discretion in determining that the testimony of other witnesses was more credible than that given by Dix. The trial court also did not clearly err in finding that the evidence of ineffective assistance of counsel was insufficient to support a withdrawal of Dix's guilty plea.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED FEBRUARY 23, 2010.

*H. Maddox Kilgore*, for appellant.

*Garry T. Moss, District Attorney, Holly L. Varner, Sara A. Thompson, Assistant District Attorneys*, for appellee.