### A10A2274. JOHNSON v. THE STATE.
(706 SE2d 201)

MIKELL, Judge.

Keith Eugene Johnson was charged as a recidivist with seven counts each of armed robbery and kidnapping, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Johnson entered a negotiated plea of guilty to all of the charges, with the exception of

---

the counts charging recidivism and possession of a firearm during the commission of a felony, both of which were nolle prossed by the district attorney.[1] Johnson was sentenced to serve 18 years. Johnson moved to withdraw his guilty plea on the grounds that he received ineffective assistance of counsel, and the trial court denied his motion. On appeal, Johnson enumerates two errors but asserts only one argument, that the trial court should have granted his motion to withdraw his guilty plea due to counsel's ineffectiveness. We disagree and affirm.

Johnson contends that he pled guilty solely because he feared proceeding to trial with his attorney, Mr. Erb. In support of his contention, he maintains that he and Erb had not adequately communicated; that Erb had been hostile toward him; and that Erb had not interviewed Tilley, who was a potentially exculpatory witness. The record shows that before Johnson entered his plea, he informed the court that he was dissatisfied with Erb's services and wanted an opportunity to retain new counsel. In response to Johnson's complaints, Erb explained to the court that he talked to Johnson before his arraignment, but Johnson was shipped out the following day; that Johnson was antagonistic and belligerent when they spoke; that he had been in contact with Johnson's brother and daughter almost daily trying to identify potential witnesses; and that he had hired a private investigator at his own expense to find witnesses to no avail. The trial court denied Johnson's request for a new lawyer.

After disposing of other preliminary matters, the trial court reminded Johnson that once the jury trial began, the offer available to him at that juncture, 20 years to serve, would no longer be available. The district attorney informed the court and Johnson that the state would nolle prosse a separate indictment against Johnson. The trial court then informed Johnson that he would get six years of credit for time served, and that if convicted, he would be sentenced to life without parole. Johnson reminded the court that the initial offer was 15 years, and he was told that the initial offer was no longer available because he had absconded. The court recessed, and upon

---

[1] The predicate facts developed at the guilty plea hearing show that Johnson and Mavon Tilley, who had already entered a guilty plea, walked into a store where Tilley pulled a gun on the cashier who gave him the money from the cash register; that Johnson, who was standing near the front door of the store and holding a gun, robbed the next four customers who walked into the store of their wallets and made them lie on top of one another; that Johnson struck the other store employee on the back of the head with his gun and robbed him; that Tilley forced the cashier to open the safe, from which he and Johnson took fifteen guns and a large amount of cash. Tilley and Johnson also took the surveillance videotapes from the store but left a book bag, which contained information that led the police to them. Two of the victims positively identified Johnson, and two other victims stated that they thought that Johnson was the perpetrator.

Johnson's return to court, he accepted an offer to serve 18 years, which Erb had negotiated with the prosecutor during the recess. Johnson filed his motion to withdraw guilty plea,[2] which the trial court denied.

A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and absent a manifest abuse of that discretion, the trial court's ruling will not be disturbed.[3] "[I]n ruling on a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual disputes raised by the evidence. If evidence supports the trial court's findings, we must affirm."[4]

> A defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[5]

In reviewing the trial court's decision on the ineffectiveness claim, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[6]

At the hearing on the motion to withdraw Johnson's plea, only two witnesses testified: Johnson and Erb. Erb testified that he had been practicing law since 1973 and had conducted hundreds of jury trials; that he was the fourth attorney to represent Johnson in this case; and that Johnson had filed bar complaints against all of his attorneys.[7] Erb further testified that he had met with the district attorney to review the discovery in the case two or three times and had reviewed it with Johnson; that he had met with Johnson between seven and ten times in the Chatham County jail; that he and Johnson had discussed all of the documents and listened to each audio tape that was in the state's discovery packet over the course of ten to fifteen hours; that Johnson had told him that he had an alibi

---

[2] Johnson's original motion to withdraw his guilty plea is not included in the record. However, appellate counsel's correct motion to withdraw the plea is included and explained that the original motion was filed pro se under the wrong case number.

[3] *Bishop v. State*, 299 Ga. App. 241 (682 SE2d 201) (2009); *Frost v. State*, 286 Ga. App. 694 (649 SE2d 878) (2007).

[4] (Citation and punctuation omitted.) *Dix v. State*, 302 Ga. App. 458-459 (691 SE2d 323) (2010).

[5] (Citation and punctuation omitted.) *Jones v. State*, 287 Ga. 270-271 (695 SE2d 271) (2010). See also *Dix*, supra at 458.

[6] (Punctuation and footnote omitted.) *Brown v. State*, 302 Ga. App. 515, 517 (1) (692 SE2d 386) (2010).

[7] The bar complaint that Johnson filed against Erb had been dismissed.

witness but they could never find anyone who would provide an alibi; that he and Johnson had discussed Johnson's defense; and that he filed several motions on Johnson's behalf, some of which were successful. Additionally, Erb recalled that he and Johnson had discussed the similar transaction evidence and the prior felonies that would be used against Johnson at trial. Erb maintained that he worked between 60 and 80 hours on the case and wrote Johnson several letters; that he did not pressure Johnson into taking a plea; that the plea was Johnson's idea; and that he was prepared to go to trial.

Johnson argues that Erb did not spend an adequate amount of time with him to prepare for trial and ignored his requests to meet until soon before trial, but "there exists no magic amount of time which counsel must spend in actual conference with his client."[8] Johnson acknowledges that Erb met with him to prepare before the trial but disputes Erb's testimony about the extent of the preparation that occurred during those meetings. Erb specifically testified as to the length of time he spent preparing for the trial, and meeting with Johnson, the district attorney, and Johnson's previous counsel. The trial court is authorized to credit Erb's testimony.[9] Johnson argues that trial counsel failed to interview a potential alibi witness, but Johnson acknowledged that he did not remember the name of that witness, admitted that his other alibi witnesses gave inconsistent statements to the state, and has failed to offer evidence that would have been revealed by the interview of any witness.[10]

On cross-examination, Johnson acknowledged that his case had been set for trial once before with another attorney; that the charges were the same at that time; that he understood that he had been indicted as a recidivist because of his three prior felony convictions, one of which was a robbery; that he was familiar with the voluntariness questions, knew how to take a plea, and generally understood the process; that he saw the discovery in the case, although not with Erb; that he listened to tapes with Erb; that he saw the photo spreads of suspects that contained the victims' signatures identifying him; that he had possession of the trial documents and police reports and knowledge of the plea deal for six years before entering his plea; and that he understood that his possible sentence was life without parole. Johnson further testified that at no time during the plea

---

[8] (Citation and punctuation omitted.) *Rios v. State*, 281 Ga. 181, 182 (2) (637 SE2d 20) (2006). See also *Tahamtani v. State*, 177 Ga. App. 52, 53 (338 SE2d 488) (1985) ("[t]he length of time spent in consultation is only one factor to be considered and, without more, will not establish ineffective assistance of counsel") (citation and punctuation omitted).

[9] *Jackson v. State*, 285 Ga. 840, 842 (2) (684 SE2d 594) (2009).

[10] See generally *Moon v. State*, 286 Ga. App. 360, 363 (2) (b) (649 SE2d 355) (2007).

hearing did he inform the court that he did not wish to take the plea.

In further support of his position that trial counsel was ineffective, Johnson cites *Heyward v. Humphrey*,[11] in which our Supreme Court reversed the denial of a petition for habeas corpus where Erb represented the defendant. In that case, however, there was evidence that Erb knew nothing about a potential key witness, who would have supported a justification defense,[12] knew that the state's case had "all but fallen apart,"[13] and showed "apparent anger at [his client] for initially denying his guilt and thwarting the plea proceedings, which [the Court concluded] raise[d] additional questions about the voluntariness of the decision to enter the pleas."[14] There is no such evidence in the instant case, therefore *Heyward*[15] is inapposite here.

Based on the evidence in the record, we conclude that Johnson has not shown that his trial counsel's performance was deficient.[16] Absent a showing of trial counsel's deficiency, we need not address the issue of prejudice.[17] In light thereof, we conclude that the trial court did not abuse its discretion when it denied Johnson's motion to withdraw his guilty plea.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 15, 2011 — 

*Leslie R. Lowry*, for appellant.

*Larry Chisolm, District Attorney, Margaret E. Heap, Julayaun M. Waters, Assistant District Attorneys*, for appellee.

---

[11] 277 Ga. 565 (592 SE2d 660) (2004).

[12] Id. at 568 (A).

[13] Id. at 569 (B).

[14] Id. at 570 (B).

[15] Supra.

[16] See *Sallins v. State*, 289 Ga. App. 391, 393 (1) (657 SE2d 309) (2008) (no ineffective assistance where trial counsel testified that he thoroughly reviewed discovery, was provided with no information for witnesses who might help the defendant, and the victim would have identified the defendant).

[17] *Stinson v. State*, 286 Ga. 499, 501 (2) (689 SE2d 323) (2010).