**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A2299. BARNES v. THE STATE.

McMILLIAN, Judge.

Melvin W. Barnes appeals the denial of his motion to withdraw his guilty plea. In his sole enumeration of error, Barnes asserts that the trial court erred in denying his motion to withdraw his guilty plea, which he contends was only entered due to the ineffective assistance of his trial counsel. Finding no error, we affirm.

"After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion." (Citation and punctuation omitted.) *Bailey v. State*, 313 Ga. App. 824, 824-825 (723 SE2d 55) (2012). And, "the trial court is the final arbiter of all factual issues raised by the evidence." (Citation and punctuation omitted) Id. at 825. Where a defendant who pleads guilty seeks to overturn his

conviction on the basis of a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See, e.g., *Johnson v. State*, 307 Ga. App. 853, 855 (706 SE2d 201) (2011).

The record shows that Barnes was charged with two counts of aggravated child molestation, one count of aggravated sexual battery, one count of statutory rape, three counts of child molestation, and one count of sexual battery arising from Barnes' contact with a 13-year-old girl. The evidence against Barnes included two written confessions. The first was written by Barnes, who was 33 years old at the time, and stated, "It started, we were sitting on the couch and we were talking about her girl friend and I just asked her if she wanted to try it and that's when the full intercourse happened. I did not use protection." The second confession, which was written by an investigator but signed by Barnes read:

> I was at [D. B.]'s house.[1] I would stay there off and on and I had been
> there about a week and a half this time. I knew [D.B.] from high school
> when we dated. Thursday night I was sitting on the couch with [D. S. B.]
> and she was telling me about her girl friend. She had told me she liked

---

[1] D. B. is the mother of the victim, D. S. B.

the girl but did not say who she was. [D. S. B.] said she had just talked to her on the phone. I asked [D. S. B.] if she had ever wondered what it was like to be with a boy. She said yes. I started to perform oral sex on her because I told her I did not want to go all the way. I asked her if she wanted me to go all the way and she said yes. I was talking about putting my penis in her vagina. I got on top [of] her on the couch in the living room. After just a few seconds I felt guilty about what I was doing so I stopped. Nothing else happened after that. We put our clothes back on and sat on the couch. Some time later her mother got home. Tonight [D. B.] found out what happened and I admitted to her what happened and asked them to call the police because I wanted to try and make up for what I have done. I was wrong and I am sorry for what I have done. I am not under the influence of any drugs or alcohol. This statement is true and correct. I have not been made promises and no threats have been made against me.

On January 24, 2011, Barnes entered a guilty plea to one count of statutory rape and two counts of child molestation, and the State agreed to nolle prosse the remaining charges.[2] On February 22, 2011, Barnes filed, pro se, a motion for plea withdrawal, alleging ineffective assistance of counsel. The trial court held a hearing on March 8, 2011, at which time Barnes announced that he had discharged his trial

---

[2] The record shows that both trial counsel and the trial court carefully explained the process to Barnes and confirmed that he understood the sentencing ranges on each of the charges and all of the pertinent rights he would waive upon entering a guilty plea, including the ability to present any defenses to the charges.

counsel. Barnes proceeded pro se, calling his trial counsel to testify and taking the stand himself.

At the hearing, both trial counsel and Barnes testified as to Barnes' claim that he had been a "meth cook" for the people he had been staying with in a house. According to Barnes, when he tried to leave, the people beat him up and told him that if he did not say he was guilty of child molestation, they would continue to beat him up. And it was because of this threat that he ran to a neighbor's house to call police and later confessed.[3] Trial counsel testified that she believed both Barnes' confessions would be admitted at a trial and feared that the jury could find him guilty of aggravated child molestation or aggravated sexual battery, each of which carry a minimum mandatory 25-year sentence.[4] She also explained that although there were some problems with the State's case, she had tried many cases over the course of ten years and had seen "juries come back guilty on less than a confession." She felt that it was her fear that Barnes would be convicted and sentenced to 25 years without the possibility of a split sentence that led Barnes to plead guilty. The trial court denied

---

[3] On cross-examination, Barnes admitted he never told police about these threats when they arrived in response to his 911 call or when he gave either of his confessions while in custody.

[4] See OCGA §§ 16-6-22.2 (c); 17-10-6.1 (b) (2).

4

the motion on March 11, 2011 and subsequently sentenced Barnes to 20 years, with12 years in confinement and the balance on probation, on each count, to run concurrently.[5]

However, on August 15, 2013, following Barnes' filing of a habeas corpus petition, the Superior Court of Bibb County vacated the trial court's order denying the motion for plea withdrawal on the grounds that (1) Barnes had been denied the right to either have appointed counsel or to knowingly and voluntarily waive his right to counsel and (2) that he had been denied the right to be advised that he could directly appeal the trial court's denial of his motion. Barnes was then appointed new counsel who filed a second motion to withdraw guilty plea on October 23, 2013.

A new hearing was held, and trial counsel again testified. This time, she stated that she met with Barnes several times while he was in custody and explained to him that the jury was much more likely to believe that he had been beaten up by the people in the house because he had molested the victim rather than because he was their meth cook and wanted to leave. She also reiterated that she had been trying cases "a very long time and . . . [had] seen people get convicted on far less evidence

---

[5] Barnes initially asked to have his original trial counsel represent him at the sentencing hearing, but the trial court continued the hearing and appointed conflict counsel to represent him at a later sentencing hearing.

than a confession" and that she "tried to give the objective viewpoint of what a jury might see." On cross-examination, trial counsel agreed that she gave Barnes her professional opinion and legal advice as to what he ought to do based on her investigation of the case and made no threats or promises to him.[6] The trial court denied the second motion to withdraw the guilty plea on January 30, 2014, finding that trial counsel was experienced and diligent and concluding that Barnes had failed to carry his burden to show that trial counsel was ineffective. The trial court further found that counsel "did everything she could to develop [the] evidence and evaluated it, strengths and weaknesses, and certainly confessions are strong and powerful. And she gave Mr. Barnes her best advice."

On appeal, Barnes argues that his trial counsel was ineffective because she failed to properly prepare for trial when she failed to interview "the key witness that could exculpate him," and thus he was forced to either plead guilty or proceed to trial with counsel who was unprepared. This key witness was apparently a woman who may have been in the house the night of the incident; however, Barnes has presented no evidence, and we find none in the record, to establish who the witness was,

---

[6] Barnes also admitted at the hearing that he listened to his trial counsel explain what the evidence would be and decided to follow her advice and plead guilty to the non-aggravated charges.

whether or not she was available to testify, what her testimony would have been, or how she was "key" to his defense. Thus, he cannot establish ineffective assistance of counsel on this ground. See *Heard v. State*, __ Ga. __ (Case No. S14A1925, decided on March 2, 2015) (where appellant asserted that counsel failed to investigate the owner of a cell phone found at the crime scene but failed to produce the cell phone or make any proffer as to what further investigation would have uncovered, he cannot establish ineffective assistance of counsel). See also *White v. State*, 293 Ga. 825, 827-828 (2) (c) (750 SE2d 165) (2013) ("Having failed to make any evidentiary showing as to what the contents of the phone records would reveal, appellant cannot establish a valid claim of ineffective assistance of counsel" for failure to investigate the records).

Moreover, trial counsel testified that she prepared for and investigated the case.[7] "Concerning the adequacy of investigations, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary, with deference given to counsel's judgment." (Citation and punctuation omitted.) *Wright v. State*, 292 Ga. 825, 827 (2) (742 SE2d 468)

---

[7] She also requested a psychological evaluation for Barnes, which was performed and revealed that Barnes was competent.

7

(2013). Here, trial counsel listened to the 911 call, reviewed Barnes' two written statements, reviewed the victim's multiple forensic interviews, listened to the interviews of other witnesses, and investigated the man Barnes accused of beating him up.[8] And with respect to the woman Barnes wanted her to interview, trial counsel testified that because the woman was asleep in another room of the house and the victim denied ever crying out for help, she explained to Barnes that the witness's testimony would not be helpful. Because Barnes has failed to establish that his counsel's performance was deficient, we need not address whether Barnes would have entered a guilty plea had his counsel interviewed the woman. See *Culmer v. State*, 282 Ga. 330, 333 (3) (647 SE2d 30) (2007) (appellate courts are not required to address both the deficient performance and prejudice prongs of the test if the defendant has made an insufficient showing on either of them); *Haynes v. State*, 326 Ga. App. 336, 342 (3) (756 SE2d 599) (2014) (same).

Based on the record before us, we find the trial court did not abuse its discretion in denying Barnes' motion to withdraw his guilty plea. See *Allen v. State*, 277 Ga. 711, 712 (3) (593 SE2d 662) (2004) (no ineffective assistance where trial counsel testified that he deliberately decided not to contact potential witnesses due

---

[8] She was not permitted to speak with the victim or her mother.

to their lack of credibility and lack of any direct knowledge of the crimes). See also *Sallins v. State*, 289 Ga. App. 391, 393 (1) (657 SE2d 309) (2008) (no ineffective assistance where trial counsel testified he thoroughly reviewed discovery, was provided with no information for witnesses who might help the defendant, and the victim would have identified defendant); *Brigman v. State*, 282 Ga. App. 481, 487 (4) (639 SE2d 359) (2006) (finding no ineffective assistance where trial counsel testified he chose not to pursue other witnesses as a matter of strategy).

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*