### A05A1086. ISAAC v. THE STATE.
#### (620 SE2d 483)

BARNES, Judge.

Abdul Rashid Isaac appeals his convictions for armed robbery, kidnapping, and kidnapping with bodily injury and asserts six errors by the trial court. He alleges that: (1) he was not competent at the time of the crime, (2) he should have been granted a change of venue, (3) the evidence was insufficient to convict him, (4) the State withheld evidence resulting in a *Brady* violation, (5) he should have been sentenced under the First Offender Act and (6) counsel was ineffective. Finding no error, we affirm.

On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.

(Citation omitted.) *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990).

Viewed in this light, the evidence shows that Isaac and three co-defendants entered a Rio Bravo restaurant around closing time.[1] The kitchen was closing, but because Isaac was a former employee and frequented the restaurant occasionally, he and the three others were served dinner and drinks. After eating, Isaac approached the manager in his office under the pretext of submitting a job application, brandished a pistol, and demanded money. Isaac took all of the money from the manager's cash drawer, and made the manager empty the safe while he hit him on the head repeatedly with the pistol. Isaac also took the manager's wallet, knocked him to the floor, and then walked him, at gunpoint, to a cooler in the back of the restaurant where he again struck him. Isaac took money from six others who were also on the floor of the cooler and afterward, walked them to a freezer. One of Isaac's co-defendants also struck one of the victims with a gun, and Isaac extinguished a lit cigarette on the arm of another victim during the course of the robbery. Isaac also stuck his gun into the mouth of the front house manager and told him, nothing personal, but that he was not going to live to see the next day.

1. Isaac requested a competency hearing. If a defendant challenges his competency, a judge shall have him undergo a psychiatric examination. See *Drope v. Missouri*, 420 U. S. 162, 169 (95 SC 896, 43 LE2d 103) (1975). "A criminal defendant is competent to stand trial if he is capable of understanding the nature and object of the proceedings and is capable of assisting his attorney with his defense." (Citation omitted.) *Stripling v. State*, 261 Ga. 1, 2 (3) (401 SE2d 500) (1991).

Isaac requested and was granted a psychological evaluation on the question of his competency to stand trial and criminal responsibility. He refused to participate in the criminal responsibility portion of the evaluation, but the evaluating doctor determined that Isaac was aware of the charges and the possible consequences, and was able to assist his attorney with his defense. The trial court held a competency hearing and the evidence showed that Isaac was competent to stand trial. At trial, Isaac testified that he was under the influence of alcohol and drugs during the incident, but he also testified specifically concerning what happened and why he acted as he did. We therefore find no error by the trial court.

2. Isaac asserts that he should have been granted a change of venue. The trial court has the discretion to grant or deny a change of

---

[1] The conviction of one of Isaac's co-defendants was affirmed by this Court in *Coley v. State*, 272 Ga. App. 446 (612 SE2d 608) (2005).

venue and its determination will not be disturbed absent an abuse of that discretion. *Eckman v. State*, 274 Ga. 63, 68 (4) (548 SE2d 310) (2001).

> The inquiry into a request for a change of venue is two pronged. First, the court must consider whether the atmosphere in the community is so inherently prejudicial due to pretrial publicity that the defendant cannot receive a fair trial in the community. Secondly, the court must consider whether the defendant cannot receive a fair trial due to the prejudice of individual jurors.

(Citations omitted.) *Lemley v. State*, 258 Ga. 554, 556 (4) (372 SE2d 421) (1988).

Counsel for Isaac filed a motion for a change of venue which the trial court denied. In evaluating the first prong — whether the community atmosphere is prejudicial — the court must determine whether the pre-trial publicity was factually incorrect, inflammatory, or reflected a hostile atmosphere. *Eckman*, supra, 274 Ga. at 68. Most of the jurors in this case indicated that they had heard, read, or seen something relating to Isaac's case, but no evidence of inflammatory, untrue, or inaccurate publicity was brought to the court's attention. The second prong involves a determination of the individual jurors' prejudice, which can be shown without dispute by reviewing the voir dire examination of the prospective jurors. See *Krist v. Caldwell*, 230 Ga. 536, 538 (2) (198 SE2d 161) (1973). Here, the trial court noted that jurors are not required to be totally ignorant of the facts and issues involved.

> [A] high volume of information does not necessarily cause the information to be inflammatory. The constitution mandates freedom of expression, and the freedom to listen naturally follows. The result may be an informed public or a misinformed public. Being informed or even misinformed is not always the same as being inflamed or prejudiced.

*Lemley*, supra, 258 Ga. at 556.

All of the jurors, except one, who was excused, informed the court that they would have no problem laying aside any impressions or opinions that they might have formed, or with rendering a verdict based on the evidence presented in court and the charge of the law given by the court. Although Isaac argues that the publicity surrounding the case might have prejudiced the potential jurors, there is no evidence that the trial court abused its discretion or that any of the jurors had any fixed opinion as to guilt or innocence from unfavorable

pre-trial publicity. *Waters v. State*, 248 Ga. 355, 361 (1) (283 SE2d 238) (1981). We therefore find no error.

3. Isaac also contends that the State presented insufficient evidence to convict him. In reviewing the evidence in a light most favorable to the jury's verdict, this Court must determine whether the evidence was sufficient for a reasonable trier of fact to find Isaac guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Isaac argued that he was forced against his will to participate in the crime, but several victims testified that Isaac not only held a gun but that he also threatened them with bodily harm if they did not cooperate. Isaac also testified he was present during the crime and admitted knowing some of the victims personally, and, although his defense was coercion, the jury chose not to believe him.

> The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. [There was evidence to support the jury's findings.]

(Citations and punctuation omitted.) *Strong v. State*, 265 Ga. App. 257, 258 (593 SE2d 719) (2004).

4. Isaac also contends that the State withheld evidence resulting in a *Brady* violation.

> The burden is on the defendant to establish a *Brady* violation by showing that: (1) the State possessed information favorable to the defendant; (2) the defendant did not possess the evidence nor could he obtain it with due diligence; (3) the prosecution suppressed the evidence; (4) a reasonable probability exists that the outcome of the trial would have been different if the evidence had been disclosed.

(Citations omitted.) *Tessmer v. State*, 273 Ga. 220, 225 (6) (539 SE2d 816) (2000).

Isaac makes no showing that the State withheld any evidence that would have affected the outcome of the trial. Before trial, Isaac himself raised the issue of a *Brady* violation, at which time his counsel informed the court that he had received complete investigative reports from the district attorney and viewed all the evidence that would be brought up in trial. Isaac's trial counsel also stated that he delivered the discovery package to Isaac. Both trial and appellate counsel have stated that there is nothing in the record that indicates

that the State possessed or suppressed evidence favorable to Isaac. We therefore find no error.

5. Isaac also contends that he should have been sentenced under the First Offender Act. OCGA § 17-10-6.1 lists the seven crimes designated by the legislature as serious violent felonies, including armed robbery and kidnapping, for which a minimum sentence of ten years is mandated. OCGA § 42-8-66 specifically states that the First Offender Act does not apply to the sentences for violent felonies outlined in OCGA § 17-10-6.1. As Isaac was convicted of two of these serious violent felonies, he was not eligible for first offender treatment under the Act. Accordingly, we find no error in his sentence.

6. Isaac's last enumeration of error is that his counsel was ineffective.

> The two-prong test for determining the validity of a claim of ineffective[ness] of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Punctuation and footnote omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

Trial counsel made objections during the trial, conducted voir dire, cross-examined the State's witnesses and submitted jury instructions to the court. Isaac's counsel also filed numerous motions before trial and also filed motions preserving the right to file motions at a later date. Further, although trial counsel advised Isaac of his right not to testify, he chose to do so, and by doing so admitted to being at the scene of the crime. Isaac cannot show that his trial counsel's performance was deficient.

Isaac raised an issue at the beginning of his trial alleging that his counsel sought money in order to make a deal with the district attorney, and that his attorney was not filing certain motions that Isaac requested. The court questioned counsel as to the validity of Isaac's accusations, which counsel denied in open court. Isaac also said that he was not given a list of witnesses and counsel responded that Isaac was refusing to talk to him at the time. Isaac was then given the list and also given the opportunity to instruct the court about any potential witnesses that he wanted subpoenaed. Moreover,

Isaac does not show that any prejudice resulted from his trial counsel's alleged failure to provide the list of witnesses earlier.

Having reviewed the record, we find that trial counsel's representation of Isaac met an objective standard of reasonableness, and the trial court did not err in so concluding.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 29, 2005.

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellant.
*Howard Z. Simms, District Attorney, Graham A. Thorpe, Assistant District Attorney*, for appellee.