## S08A0554. SMITH v. THE STATE.
### (659 SE2d 380)

THOMPSON, Justice.

Travis Smith pled guilty to felony murder, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon on March 1, 2007, which is in the January Term of court for Dougherty County Superior Court. See OCGA § 15-6-3 (15). Within 30 days of that order but outside the term in which the plea was entered, see id. (March Term begins second Monday in March), Smith filed a pro se "motion to withdraw and vacate guilty plea and arrest of judgment." The trial court ruled that it had no jurisdiction to entertain the motion and entered an order dismissing it. Smith filed an application for discretionary appeal to this Court, which was granted pursuant to OCGA § 5-6-35 (j).

Smith argues that the trial court committed reversible error when it dismissed his motion for lack of jurisdiction. However, it is well settled that a trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea filed after the term of court in which the defendant was sentenced under the plea. *Logan v. State*, 281 Ga. 884 (644 SE2d 136) (2007); *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002). Accordingly, the trial court was correct in dismissing the motion.[1]

---

[1] Smith's only recourse is through habeas corpus proceedings. *Henry v. State*, 269 Ga. 851, 853 (507 SE2d 419) (1998). "Because [Smith's] motion to withdraw the plea was brought against the State in the county of conviction, rather than against the warden in the county in which he is incarcerated, it cannot be treated as a habeas corpus petition." *Davis v. State*, supra at 865-866 (citing OCGA § 9-14-43).

Smith also argues that the rule requiring a motion to withdraw a guilty plea be filed in the same term as that in which the defendant was sentenced violates the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution and Art. I, Sec. I, Par. II of the Georgia Constitution. Because defendants challenging their convictions after trial need not do so within the same term, Smith argues convicted defendants and defendants who plead guilty are treated differently. However, Smith has failed to show that these classes of individuals are similarly situated. Indeed, they are not; while a defendant who pleads guilty admits committing a crime, a convicted defendant has not done so. *Reed v. Hannigan*, 295 F3d 1061, 1064 (10th Cir. 2002) (fact that defendant who pleads guilty is treated differently than one who is convicted after trial does not violate the Equal Protection Clause because the defendants are not similarly situated); see *Grissom v. Gleason*, 262 Ga. 374, 375-376 (418 SE2d 27) (1992) (equal protection provisions of federal and Georgia constitutions are coextensive). See also *Wilson v. Reed*, 246 Ga. 743 (272 SE2d 699) (1980) ("plea of guilty admits the facts set forth in an accusation or indictment").

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 31, 2008.

Travis B. Smith, *pro se.*

Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, *Assistant District Attorney*, for appellee.

