## S08A0167. ELLISON v. THE STATE.
### (660 SE2d 373)

SEARS, Chief Justice.

The appellant, Michael Ellison, appeals from the trial court's ruling that it did not have jurisdiction to entertain Ellison's motion to withdraw his guilty plea due to the fact that the term of court in which the plea was entered had expired. We conclude that the trial court did not err. Although Ellison urges this Court to abandon the term-of-court rule on which the trial court based its ruling, we decline to do so. We have affirmed the rule on numerous occasions,[1] and have recently upheld it against a constitutional challenge.[2] Moreover, contrary to Ellison's contention, the authority granted to trial courts by OCGA § 17-10-1 (f) to modify sentences "within one year of the date upon which the sentence is imposed" does not, on its face, include the power to vacate the conviction on which the sentence is based.[3]

For the foregoing reasons, we affirm the trial court's ruling that it lacked jurisdiction to entertain Ellison's motion to withdraw his guilty plea.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 21, 2008.

Michael Ellison, *pro se.*

---

[1] *Smith v. State,* 283 Ga. 376 (659 SE2d 380) (2008); *Boone v. State,* 281 Ga. 887 (644 SE2d 136) (2007); *Logan v. State,* 281 Ga. 884 (644 SE2d 136) (2007); *Turner v. State,* 281 Ga. 435, 436 (637 SE2d 384) (2006); *Smith v. State,* 281 Ga. 195 (637 SE2d 42) (2006); *Brown v. State,* 280 Ga. 658 (631 SE2d 687) (2006); *Rubiani v. State,* 279 Ga. 299 (612 SE2d 798) (2005); *Henry v. State,* 269 Ga. 851, 853 (507 SE2d 419) (1998).

[2] *Smith v. State,* 283 Ga. at 376.

[3] OCGA § 17-10-1 (f) provides, in full, as follows:
Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. Prior to entering any order correcting, reducing, or modifying any sentence, the court shall afford notice and an opportunity for a hearing to the prosecuting attorney. Any order modifying a sentence which is entered without notice and an opportunity for a hearing as provided in this subsection shall be void. This subsection shall not limit any other jurisdiction granted to the court in this Code section or as provided for in subsection (g) of Code Section 42-8-34.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Leonora Grant, Assistant District Attorneys, Thubert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.