## A10A0166. WILLIAMS v. THE STATE.
(689 SE2d 124)

BLACKBURN, Presiding Judge.

Fifteen months after his guilty plea to two separate charges of armed robbery,[1] Bill Williams, acting pro se, filed a motion to vacate a null and void conviction and sentence. He appeals the trial court's denial of that motion, arguing that his guilty plea was not voluntarily entered because his counsel rendered ineffective assistance and that the trial court abused its discretion by failing to consider sentencing him under the First Offender Act.[2] For the reasons set forth below, we affirm.

The record shows that in August 2006, Williams was indicted on charges of armed robbery and aggravated assault in connection with the robbery of a taxicab driver and was separately indicted on those same two charges in connection with the robbery of a pizza delivery person. On October 8, 2007, Williams pled guilty to the two armed robbery charges. At the plea hearing, the trial court determined on

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 42-8-60.

the record that Williams, with the assistance of counsel, understood the nature of the charges, that he understood the rights he was waiving by pleading guilty, and that he was entering his plea freely and voluntarily. In addition, the trial court determined that Williams had not been coerced or threatened into entering his plea, that it was supported by a factual basis, and that he understood the range of the sentence that could be imposed. As a result, the trial court accepted Williams's plea and imposed two life sentences to run concurrently.

On October 23, 2007 (two weeks after he was sentenced), Williams, who was now acting pro se, filed a motion to withdraw his guilty plea, claiming that his plea counsel rendered ineffective assistance, that his plea was neither voluntary nor supported by a factual basis, and that the trial court abused its discretion by not considering him for first offender treatment. In his motion, Williams also requested that the court set a date for a hearing on the issue. On October 30, 2007, the trial court denied Williams's motion to withdraw his guilty plea without holding a hearing. Williams did not appeal this decision.[3] On January 5, 2009, Williams filed a "motion to vacate/set aside/correct null and void conviction and sentence," in which he again argued that his plea was not voluntary because his counsel had rendered ineffective assistance and that the trial court had abused its discretion by not considering him for first offender treatment in sentencing. In an order issued on April 14, 2009, the trial court denied Williams's motion. This appeal followed.

1. Williams contends that the trial court erred in denying his motion to vacate his null and void conviction and sentence, arguing that his plea was not voluntary because his counsel rendered ineffective assistance. Regardless of how Williams has characterized his motion, in essence, he is seeking to withdraw his guilty plea on the ground of ineffective assistance of counsel. See *Rice v. State*.[4]

> It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea. [Williams's] only available means to withdraw his guilty plea is through habeas corpus proceed-

---

[3] We note that the record is unclear as to the reason Williams was not afforded a hearing on his motion to withdraw his guilty plea. Generally, such hearings are required so that on appeal, if sought, an appellate court can make a determination as to whether the trial court properly exercised its discretion in ruling on the motion. See *Banhi v. State*, 252 Ga. App. 475 (555 SE2d 513) (2001). The record is also devoid of any evidence that the trial court advised Williams of his right to legal representation during the plea withdrawal proceedings. See *Fortson v. State*, 272 Ga. 457, 459 (1) (532 SE2d 102) (2000).

[4] *Rice v. State*, 277 Ga. 649 (594 SE2d 335) (2004).

ings, and the trial court therefore properly denied [Williams's] motion.

(Citation and punctuation omitted.) Id.

Here, Williams's motion to vacate his null and void conviction and sentence was filed on January 15, 2009, which was well beyond the term of court in which he was sentenced (October 7, 2007). See OCGA § 15-6-3 (11) (Cobb County Superior Court terms commence on the "Second Monday in January, March, May, July, September, and November" of each year). Accordingly, the trial court did not have jurisdiction to entertain Williams's motion and thus did not err in denying it. See *Maples v. State*.[5]

2. Williams also contends that the trial court erred in denying his motion to vacate his null and void conviction and sentence, arguing that the court abused its discretion by not considering him for sentencing under the First Offender Act. We disagree.

Pretermitting the question of whether Williams can challenge a refusal to treat him as a first offender as a void sentence, the trial court's denial of his motion did not constitute an abuse of discretion. Under OCGA § 17-10-6.1 (a) (2) armed robbery is designated as a serious violent felony. "OCGA § 42-8-66 specifically states that the First Offender Act does not apply to the sentences for violent felonies outlined in OCGA § 17-10-6.1." *Isaac v. State*.[6] Given that Williams pled guilty to two separate charges of armed robbery, he was not eligible for first offender treatment under the Act. See id.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED JANUARY 5, 2010.

Bill Williams, *pro se*.
*Patrick H. Head, District Attorney, Dana J. Norman, Irvan A. Pearlberg, Assistant District Attorneys*, for appellee.

---

[5] *Maples v. State*, 293 Ga. App. 232, 233 (1) (666 SE2d 609) (2008).
[6] *Isaac v. State*, 275 Ga. App. 254, 258 (5) (620 SE2d 483) (2005).