A10A2146. BOWEN v. THE STATE.
(704 SE2d 436)

JOHNSON, Judge.

A jury found Craig Bowen guilty of four counts of child molestation, and the trial court imposed four concurrent twenty-year sentences, ordering Bowen to serve fifteen years in prison and five years on probation. The convictions were affirmed by this court in an unpublished opinion.[1] Upon the issuance of the remittitur, Bowen timely filed a pro se motion to modify the sentence.[2] The trial court denied the motion, and Bowen filed this pro se appeal. Finding no error, we affirm.

1. Bowen contends that the trial court erred in failing to merge the convictions for sentencing. "The rule prohibiting more than one conviction if one crime is included in the other does not apply unless the same conduct of the accused establishes the commission of multiple crimes."[3] Here, the same conduct did not establish multiple crimes. Rather, the indictment alleged, and the evidence established, four separate and distinct acts of child molestation. Accordingly, no

---

[1] 300 Ga. App. XXIV, Case No. A09A1517, decided October 6, 2009.

[2] See OCGA § 17-10-1 (f); *Davis v. State*, 291 Ga. App. 252 (661 SE2d 872) (2008) (trial court authorized to modify sentence within 120 days of receipt of remittitur).

[3] (Citations and punctuation omitted.) *Hill v. State*, 295 Ga. App. 360, 364 (3) (671 SE2d 853) (2008).

merger occurred and the trial court correctly sentenced Bowen for each crime.[4]

2. Bowen misunderstands the meaning of OCGA § 17-10-6.2 (b), which did not require the trial court to sentence him only to the minimum period of incarceration, followed by probation. Rather, that Code section mandates a split sentence for sexual offenders that includes *at least* the minimum term of imprisonment. A trial court may exercise its discretion and deviate from this mandatory minimum sentence only if certain conditions are satisfied.[5] Here, the trial court did not abuse its discretion in refusing to deviate, and the sentences imposed were within the lawful range of punishments for child molestation.[6]

3. Bowen argues that the trial court improperly imposed a sentence greater than that offered by the state during pre-trial plea bargaining. However, contrary to the argument,

> [t]he Supreme Court of the United States has not held that the Federal Constitution forbids the imposition of a less lenient sentence when a criminal defendant rejects a plea bargain and insists upon his right to trial. A criminal defendant should not be allowed to reject a sentence concession that is offered in return for a guilty plea and then bind the State to that rejected original lenient sentence even though he is later convicted after a trial. To hold otherwise would allow a criminal defendant to go to trial and seek an acquittal knowing that, even if unsuccessful, he would receive a sentence which is no less lenient than that he was originally offered.[7]

Accordingly, Bowen's claim of error provides no basis for reversal.
*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 16, 2010 —
RECONSIDERATION DENIED DECEMBER 1, 2010 — 

Craig S. Bowen, *pro se.*

---

[4] See *Metts v. State*, 297 Ga. App. 330, 336 (5) (677 SE2d 377) (2009).

[5] OCGA § 17-10-6.2 (c) (1).

[6] OCGA § 16-6-4 (b).

[7] (Citations and punctuation omitted.) *Rana v. State*, 304 Ga. App. 750, 754 (4) (697 SE2d 867) (2010).

*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.