## A11A1086. GRADY v. THE STATE.
(716 SE2d 747)

MILLER, Presiding Judge.

Ernest Grady, appearing pro se, appeals the trial court's order denying his "Motion for Modification and Reduction of Sentence[ ]" pursuant to OCGA § 17-10-1 (f). For the reasons that follow, we affirm.

The record shows that on February 23, 2010, Grady entered a guilty plea to charges of conspiracy to distribute a controlled substance (OCGA § 16-13-33), trafficking in cocaine (OCGA § 16-13-31 (a) (1)), three counts of sale of controlled substance (OCGA § 16-13-30 (b)), and two counts of use of a communication facility in the commission of a felony (OCGA § 16-13-32.3 (a)). On March 26, 2010, he was sentenced as a recidivist under OCGA § 17-10-7 (c) to an aggregate term of 30 years, to serve 20 years of incarceration and the balance on probation, along with a fine in the amount of $300,000 and surcharges. On September 28, 2010, approximately six months after the entry of his sentence, Grady filed a pro se "Motion for Modification and Reduction of Sentence[ ]." Grady's motion was purportedly filed pursuant to OCGA § 17-10-1 (f), which provides as follows:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. Prior to entering any order correcting, reducing, or modifying any sentence, the court shall afford notice and an opportunity for a hearing to the prosecuting attorney. Any order modifying a sentence which is entered without notice and an opportunity for a hearing as provided in this subsection shall be void. This subsection shall not limit any other jurisdiction granted to the court in this Code section or as provided for in subsection (g) of Code Section 42-8-34.

Since Grady's motion was filed within one year of when his sentence

was imposed, it was timely based upon the time limitation set forth in the statute.

Significantly, however, Grady's enumerations of error in this appeal reveal that he does not seek to challenge his sentence,[1] but rather, the conviction on which the sentence is based. In this regard, Grady contends that his motion was erroneously denied since the evidence was insufficient to sustain his conviction, the State failed to set forth a factual basis for the plea, and his trial counsel provided ineffective assistance by failing to make a reasonable investigation in the case. Notwithstanding his contentions, "the authority granted to trial courts by OCGA § 17-10-1 (f) to modify sentences . . . does not, on its face, include the power to vacate the conviction on which the sentence is based." (Punctuation and footnote omitted.) *Ellison v. State*, 283 Ga. 461 (660 SE2d 373) (2008).

Regardless of how Grady has characterized his motion, he is in essence seeking to withdraw his guilty plea and to vacate the underlying conviction. However, he failed to file a timely motion to withdraw his guilty plea in the trial court below. A motion to withdraw a guilty plea must be filed within the term of court in which the sentence was imposed. See *Williams v. State*, 301 Ga. App. 849, 850-851 (1) (689 SE2d 124) (2010); *Bonner v. State*, 268 Ga. App. 170, 171-172 (1) (601 SE2d 478) (2004). Grady was sentenced in March 2010, and the trial court's term of court has since expired. See OCGA § 15-6-3 (17) (the terms of court for the Chatham County Superior Court commence on the "[f]irst Monday in March, June, September, and December" of each year). Since Grady failed to file a timely motion to withdraw his guilty plea, his only available means to challenge the judgment of conviction is through habeas corpus proceedings. See *Williams*, supra, 301 Ga. App. at 850-851 (1); *Manry v. State*, 226 Ga. App. 445, 447 (487 SE2d 80) (1997). No error has been shown from the trial court's denial of Grady's motion.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 8, 2011.

Ernest Grady, *pro se*.

---

[1] Notably, Grady's recidivist sentence falls within the statutory ranges allowed for each of his crimes. See OCGA §§ 16-13-30 (d); 16-13-31 (a) (1) (B), (h); 16-13-32.3 (b); 16-13-33; 17-10-7 (c).

*Larry Chisolm, District Attorney, Jeffrey S. Hendrix, Assistant District Attorney*, for appellee.