# Court of Appeals
# of the State of Georgia

ATLANTA,   April 25, 2012   

*The Court of Appeals hereby passes the following order:*

## A12A1365.  CRAIG S. BOWEN v. THE STATE.

After being sentenced on four child molestation convictions, Craig S. Bowen filed a motion to modify his sentence.  The trial court denied the motion, and Bowen appealed.  In *Bowen v. State*,[1] we affirmed.  Following remittitur, Bowen filed a second motion to modify sentence arguing that the trial court, in its prior order, misconstrued the law.  The trial court denied the motion, and Bowen filed this direct appeal.

In construing Bowen's motion, we look to the substance of the motion rather than its nomenclature. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature).  Here, Bowen sought reconsideration of the trial court's prior order denying his motion to modify.  But the denial of a motion for reconsideration is not directly appealable order.  See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); OCGA § 5-6-38 (a).  Furthermore, Bowen is not entitled to two appeals on the same issue.  "It is axiomatic that the same issue cannot be relitigated *ad infinitum*.  The same is true of appeals of the same issue on the same grounds.  Our determination in the earlier appeal is *res judicata*; the instant appeal is therefore barred, and we are without jurisdiction to review the same matter for a second time." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).  For these reasons, this appeal is hereby DISMISSED.

Finally, given our recent affirmance of the trial court's order denying a motion to modify, this direct appeal is essentially frivolous.  OCGA § 42-12-7.2 provides:

---

[1] 307 Ga. App. 204 (704 SE2d 436) (2010), cert. denied April 26, 2011.

In no event shall a prisoner file any action in forma pauperis in any court of this state if the prisoner has, on three or more prior occasions while he or she was incarcerated or detained in any facility, filed any action in any court of this state that was subsequently dismissed on the grounds that such action was frivolous or malicious, unless the prisoner is under imminent danger of serious physical injury.

We thus caution Bowen that if he continues to file such motions, he may find all future claims barred by OCGA § 42-12-7.2.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/25/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*