**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**September 25, 2012**

# In the Court of Appeals of Georgia

A12A2212. SHEFFIELD v. THE STATE.

PHIPPS, Presiding Judge.

Ronald Sheffield appeals from the denial of his motion to withdraw his guilty plea. For reasons that follow, we affirm.

After pleading guilty to charges of aggravated battery, theft by taking, and violation of the Georgia Controlled Substances Act, Sheffield was sentenced on August 11, 2011. On September 12, 2011, Sheffield filed a motion to withdraw his guilty plea. The trial court denied the motion, determining that it lacked jurisdiction to entertain the motion because it was not timely filed.

Pro se on appeal, Sheffield maintains that he should be entitled to withdraw his guilty plea. "However, it is well settled that a trial court does not have jurisdiction to entertain a motion to withdraw a guilty plea filed after the term of court in which the

defendant was sentenced under the plea."[1] Sheffield pled guilty and was sentenced in Cobb County Superior Court during the Cobb Judicial Circuit's July 2011 term of court.[2] A new term of court began on the second Monday in September 2011.[3] Consequently, Sheffield filed his September 12, 2011 motion outside the term of court in which he was sentenced. "Accordingly, the trial court did not have jurisdiction to entertain [Sheffield's] motion to withdraw his guilty plea, and therefore, did not err in denying it."[4]

Sheffield may seek recourse through habeas corpus proceedings.[5] But "[b]ecause [Sheffield's] motion to withdraw the plea was brought against the State

---

[1] *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008) (citations omitted); see *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005); *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998).

[2] See OCGA § 15-6-3 (11).

[3] See OCGA § 15-6-3 (11).

[4] *Hall v. State*, 313 Ga. App. 670, 672 (1) (722 SE2d 392) (2012) (footnote omitted); see *Henry*, supra (same); *Williams v. State*, 301 Ga. App. 849, 851 (1) (689 SE2d 124) (2010) (same); *Maples v. State*, 293 Ga. App. 232, 233 (1) (666 SE2d 609) (2008) (same).

[5] See *Smith*, supra at 376, n. 1; *Henry*, supra.

in the county of conviction, rather than against the warden in the county in which he is incarcerated, it cannot be treated as a habeas corpus petition."[6]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[6] *Smith*, supra (citation omitted).