# Court of Appeals of the State of Georgia

ATLANTA,    August 27, 2014

*The Court of Appeals hereby passes the following order:*

**A14D0482.  ANTHONY T. BARNETT v. THE STATE.**

Anthony Barnett pled guilty to two counts of armed robbery in April of 2013. In May of 2014, Barnett filed a motion to withdraw his plea and to vacate or reduce his sentence because his plea was not voluntarily or knowingly entered.  The trial court denied the motion, and Barnett filed an application for discretionary appeal.

A sentencing court may modify a sentence within 1 year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See OCGA § 17-10-1 (f)*; Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).  Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  And a sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013).  Here, Barnett does not assert a valid void sentence claim, arguing instead that his plea was not knowingly or voluntarily made.  Thus, the denial of his motion to vacate or reduce his sentence is not directly appealable. Orders resolving out-of-time motions to withdraw guilty pleas, however, have been treated by our Supreme Court as directly appealable. See *Ellison v. State*, 283 Ga. 461 (660 SE2d 373) (2008); *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008).  Because the trial court's order here also denies Barnett's motion to withdraw his plea, he is therefore entitled to a direct appeal.

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j).  Accordingly, this application is hereby GRANTED, and Barnett shall have ten days from the date of this order to file a notice of appeal with the trial court.  If he has already filed a

notice of appeal in the trial court, he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 08/27/2014
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*