# Court of Appeals
# of the State of Georgia

ATLANTA,__January 06, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16D0191. DAVID PARKER v. THE STATE.**

David Parker pled guilty in 2011 to aggravated assault, possession of a firearm by a convicted felon and during the commission of a crime, and cruelty to children. He subsequently filed a pro se motion to withdraw his guilty plea, which the trial court denied on August 24, 2011. On October 27, 2015, Parker filed an application for discretionary appeal in the Supreme Court, which was transferred to this Court for disposition. We, however, lack jurisdiction to consider the application.

The denial of a motion to withdraw a guilty plea may be appealed directly. See *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008). Ordinarily, if a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35 (d); *Hill v State*, 204 Ga. App. 582 (420 SE2d 393) (1992). The proper and timely filing of the application is an absolute requirement to confer appellate jurisdiction upon this Court. See *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). Parker, however, filed this application four years after entry of the order denying the motion to withdraw his plea. Accordingly, the application is untimely as to this order.

In his application, Parker references an order denying his motion to correct a void sentence, and he includes a copy of his pro se motion to vacate, set aside and/or correct an illegal sentence. However, Parker has failed to include a copy of the trial court's order addressing his motion. Pursuant to Court of Appeals Rule 31 (e), a stamped "filed" copy of a trial court order is required in order for this Court to

ascertain that the application was filed within 30 days after entry of an appealable order. Parker's failure to include such an order with his application materials deprives us of jurisdiction to consider any argument regarding the purported denial of his motion to correct a void sentence.

Based on the foregoing, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*_____01/06/2016_____
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*