# Court of Appeals
# of the State of Georgia

ATLANTA,  November 28, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0501.  KEVIN FLOYD v. THE STATE.**

In 2013, Kevin Floyd pleaded guilty to child molestation and was sentenced to 15 years with 8 years to serve in confinement.  In 2017, Floyd filed a motion to correct a void sentence, asserting that his sentence was improperly based on a felony rather than a misdemeanor, considering his age and the age of the victim under OCGA § 16-6-4 (b) (2), and that his sentence violated OCGA §§ 16-6-4 (b) (1) and 17-10-6.2 (b) because he could only be sentenced to the "minimum term of imprisonment" plus at least 1 year of probation.  The trial court denied the motion, and Floyd filed this direct appeal.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  Here, Floyd has not raised colorable claims that his sentence is, in fact, void.

The record shows that at the time of the incident Floyd was 18 years old and the victim was 13 years old.  Thus, the trial court properly imposed a felony sentence for Floyd's child molestation conviction.  See OCGA § 16-6-4 (b) (2) ("If the victim is at

least 14 but less than 16 years of age and the person convicted of child molestation is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor....").

In addition, Floyd's argument that OCGA § 17-10-6.2 (b) required the trial court to sentence him to the minimum period of incarceration, i.e., 5 years under OCGA § 16-6-4 (b) (1), followed by at least 1 year of probation, is not a colorable claim. This Court has resolved this issue adversely to Floyd in *Bowen v. State*, 307 Ga. App. 204, 205 (2) (704 SE2d 436) (2010), in which we ruled that OCGA § 17-10-6.2 (b) "mandates a split sentence for sexual offenders that includes *at least* the minimum term of imprisonment." (Emphasis in original.) Because Floyd has not raised a valid void-sentence claim, he is not entitled to a direct appeal, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/28/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*