# Court of Appeals
# of the State of Georgia

ATLANTA,  January 05, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0878.  JEFFERY L. NUTT v. THE STATE.**

On September 17, 2012, Jeffery L. Nutt pleaded guilty to aggravated assault with intent to rape, three counts of battery, and simple battery. He was sentenced to a total term of ten years' imprisonment, with two years to serve in prison and the remainder on probation. After Nutt violated the terms of his probation, the trial court entered a consent order on August 25, 2016, revoking three years of Nutt's probation and terminating the remainder of his probation. In May 2017, Nutt filed a "motion to vacate void part of sentence," arguing, in pertinent part, that he was never properly notified either during the plea colloquy or the entry of final judgment that he would be required to register as a sexual offender, pursuant to OCGA § 42-1-12, due to his conviction for aggravated assault with intent to rape. The trial court denied Nutt relief. Nutt then filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id.

Nutt is essentially challenging the requirement that he register as a sex offender because of his underlying conviction for aggravated assault with intent to rape. Pursuant to OCGA § 42-1-12, any individual convicted of a "dangerous sexual

offense," including aggravated assault with intent to rape, is required to register as a sex offender. OCGA § 42-1-12 (a) (10) (B) (i), (e) (2). As such, Nutt has failed to show that he received a sentence in excess of the statutory range of punishment for his convictions. To the extent that Nutt's motion can be construed as a motion to withdraw his guilty plea such a motion would be untimely. See *Ellison v. State*, 283 Ga. 461, 461 (660 SE2d 373) (2008) (A motion to withdraw a guilty plea must be filed in the same term of court in which the plea was entered and the trial court lacks jurisdiction to grant an untimely motion).

Because Nutt has not raised a colorable claim that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   01/05/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*