# Court of Appeals
# of the State of Georgia

ATLANTA,  February 23, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0333.  LABARRION HARRIS v. THE STATE.**

In 2011, LaBarrion Harris pleaded guilty to armed robbery, aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony. He was sentenced to a total term of imprisonment of 35 years, with the first 20 years to serve in prison and the remainder on probation. Harris did not file a direct appeal from his convictions and sentence. In January 2018, Harris filed a pro se motion to withdraw his guilty plea. The trial court denied the motion, and Harris then filed the instant application for discretionary appeal.[1]

Harris's motion to withdraw his guilty plea was filed outside the term of court of his judgment of conviction. See *Ellison v. State*, 283 Ga. 461, 461 (660 SE2d 373) (2008) (a motion to withdraw a guilty plea must be filed in the same term of court in which the plea was entered and the trial court lacks jurisdiction to grant an untimely motion). However, orders resolving out-of-time motions to withdraw guilty pleas have been treated by our Supreme Court as directly appealable. See id.; *Smith v. State*, 283 Ga. 376, 376-377 (659 SE2d 380) (2008).  Accordingly, based on the limited

---

[1] In Harris's prior appeals before this Court: (1) we affirmed the trial court's denial of his "De Novo Out of Time Appeal" and "Motion to Reduce/Modify Sentence," see Case No. A14A0811 (decided September 22, 2014); (2) we dismissed Harris's direct appeal from the trial court's denial of his motion to vacate a void sentence, see Case No. A18A0837 (dismissed January 4, 2018); and (3) we dismissed his application for discretionary appeal from the trial court's denial of his motion to vacate a void judgment, see Case No. A18D0244 (dismissed January 16, 2018).

information included in this application, it appears that the trial court's order is subject to direct appeal.

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Harris shall have ten days from the date of this order to file his notice of appeal with the trial court. If he has already filed a notice of appeal in the trial court, he need not file an additional notice. The clerk of the trial court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __02/23/2018_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*