**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 19, 2018**

# In the Court of Appeals of Georgia

A18A0984. PATTERSON v. THE STATE.

BARNES, Presiding Judge.

Orain Clifton Patterson pled guilty to voluntary manslaughter and other offenses, and the trial court sentenced him to a total of 30 years to serve. Proceeding pro se, Patterson subsequently filed "Defendant's Motion to Modify Sentence under Provisions of OCGA 17-10-1 (f)" ("Motion to Modify Sentence") and "Motion to Correct Illegally Imposed Sentence by a Person in State Custody" ("Motion to Correct Sentence"). The trial court denied both motions, leading to this appeal. Patterson contends on appeal that the trial court erred in denying his motions because all of his convictions should have merged for sentencing. For the reasons discussed below, we affirm.

The record reflects that on December 5, 2014, Patterson was indicted on one count of malice murder, two counts of felony murder, one count of aggravated assault, one count of possession of a firearm during the commission of a felony, and one count of interstate interference with custody. Patterson thereafter entered a negotiated guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160, 27 LE2d 162) (1970) to voluntary manslaughter as a lesser-included offense of malice murder, possession of a firearm by a convicted felon as a lesser-included offense of felony murder, possession of a firearm during the commission of a felony, and interstate interference with custody. The State requested and obtained entry of a nolle prosequi order on the remaining felony murder count and the aggravated assault count. The trial court entered a judgment of conviction and sentence on Patterson's guilty plea on February 13, 2017. The trial court sentenced Patterson to 15 years to serve for voluntary manslaughter and consecutive sentences of 5 years to serve on each of the remaining counts to which Patterson pled guilty, resulting in a total sentence of 30 years to serve.

On August 18, 2017, Patterson filed his pro se Motion to Modify Sentence and his pro se Motion to Correct Sentence. Although Patterson filed two separate motions, he contended in both motions that his sentence was illegal and void because the trial

court should have merged all of his convictions under OCGA § 16-1-7 (a) (1)[1] and sentenced him only to 15 years to serve for voluntary manslaughter. The trial court entered orders denying both motions on September 1, 2017. This appeal followed.

1. Patterson contends that the trial court erred in denying his Motion to Modify Sentence. We disagree.

> The General Assembly has established a specific time frame during which a trial court has jurisdiction to freely modify a criminal sentence. Pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. Once this statutory period expires, a trial court may only modify a void sentence.

(Citations and punctuation omitted.) *Richardson v. State*, 334 Ga. App. 344, 346 (779 SE2d 406) (2015). See OCGA § 17-10-1 (f).[2]

---

[1] OCGA § 16-1-7 (a) (1) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if[ ] [o]ne crime is included in the other."

[2] OCGA § 17-10-1 (f) provides in part:
Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all

Because Patterson filed his Motion to Modify Sentence within one year of when the trial court imposed his sentence, his motion was timely under OCGA § 17-10-1 (f).[3] "Whether to grant a motion to correct a sentence under OCGA § 17-10-1 (f) lies within the discretion of the trial court. So long as the sentence imposed by the court falls within the parameters prescribed by law, we will not disturb it." (Citation omitted.) *Richardson*, 334 Ga. App. at 346.

Patterson's sentence fell within the statutory ranges prescribed for each of the crimes to which he pled guilty.[4] On appeal, however, Patterson contends that his

---

or any part of the sentence imposed.

[3] We also note that the trial court's denial of Patterson's timely Motion to Modify Sentence was directly appealable. See *Myrick v. State*, 325 Ga. App. 607, 607, n. 1 (754 SE2d 395) (2014) (denial of timely motion to modify sentence under OCGA § 17-10-1 (f) is subject to direct appeal).

[4] Patterson's sentence of 15 years to serve for voluntary manslaughter fell within the statutory range for that offense. See OCGA § 16-5-2 (b) ("A person who commits the offense of voluntary manslaughter, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than 20 years."). Patterson's additional consecutive sentences of five years to serve for possession of a firearm by a conviction felon, five years to serve for possession of a firearm during the commission of a felony, and five years to serve for interstate interference with custody fell within the statutory ranges for each of those offenses as well. See OCGA §§ 16-5-45 (c) (3) ("A person convicted of the offense of interstate interference with custody shall be guilty of a felony and shall be imprisoned for not less than one year

4

sentence was illegal and void, and thus should have been corrected by the trial court, because all of his convictions merged under OCGA § 16-1-7 (a) (1) for purposes of sentencing.[5] "But the authority granted to a trial court to correct a sentence pursuant to OCGA § 17-10-1 (f) 'does not, on its face, include the power to vacate the conviction on which the sentence is based.'" *Richardson*, 334 Ga. App. at 348 (3), quoting *Ellison v. State*, 283 Ga. 461, 461 (660 SE2d 373) (2008). Hence, a motion to correct or modify a defendant's sentence under OCGA § 17-10-1 (f) is not the "proper procedural vehicle" for "a challenge to the defendant's underlying conviction

---

nor more than five years."); 16-11-106 (b) (a person convicted of possession of a firearm during the commission of a felony "shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received"); 16-11-131 (b) (a person convicted of possession of a firearm by a convicted felon " shall be imprisoned for not less than one nor more than five years").

[5] Although somewhat unclear from his brief, Patterson also appears to contend for the first time on appeal that the trial court abused its discretion by failing to modify his sentence under OCGA § 17-10-6.1 (d). But, we generally do not review arguments made by an appellant that were neither raised nor ruled upon by the trial court. See *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000) (declining to review arguments for reduction in sentence that were not raised by the appellant in the court below). And, while we will vacate a void sentence even if the error was not raised in the trial court, see *Hood v. State*, 343 Ga. App. 230, 234 (1) (807 SE2d 10) (2017), Patterson's sentence is not rendered void by OCGA § 17-10-6.1 (d), which does not address a trial court's discretion during sentencing and has no relevance to the present case.

rather than to the defendant's sentence." *Richardson*, 334 Ga. App. at 348-349 (3).

See *Ellison*, 283 Ga. at 461; *Grady v. State*, 311 Ga. App. 620, 621 (716 SE2d 747)

(2011).

Notably, our Supreme Court has held that a claim that a defendant's

convictions should have merged under OCGA § 16-1-7 (a) (1) is a challenge to a

defendant's underlying conviction rather than to the defendant's sentence. See

*Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). See also *Hood v. State*,

343 Ga. App. 230, 234 (2) (807 SE2d 10) (2017); *Rogers v. State*, 314 Ga. App. 398,

399 (724 SE2d 417) (2012). As our Supreme Court has explained,

> a merger claim must come before the court in a type of proceeding in
> which criminal convictions may be challenged. Thus, a merger claim
> cannot be considered in a free-standing motion to vacate a sentence
> and/or vacate a conviction as void or pleadings of a similar nature[.] . .
> . OCGA § 16-1-7 (a) renders illegal a conviction for a crime that should
> have merged, and a claim that a charge should have merged under
> OCGA § 16-1-7 is a specific attack on the conviction, as opposed to
> simply an attack on an allegedly illegal sentence. We have held that a
> motion to vacate a conviction is not an appropriate remedy in a criminal
> case. Instead, such a challenge – including a merger claim – may be
> considered only in a traditionally recognized proceeding to challenge a
> criminal conviction[.]

6

(Citations and punctuation omitted.) *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013). See *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013); *Williams*, 287 Ga. at 194; *Harper v. State*, 286 Ga. 216, 217-218 (686 SE2d 786) (2009). Hence, where the time for filing a direct appeal from the criminal conviction or a motion for new trial has expired, a defendant attacking his underlying conviction is limited to the traditionally recognized proceedings of an extraordinary motion for new trial, a motion to withdraw his guilty plea, a motion in arrest of judgment, or a petition for habeas corpus. See *Nazario*, 293 Ga. at 488 (2) (d); *Munye v. State*, 342 Ga. App. 680, 683 (1) (a) (803 SE2d 775) (2017).

Based on this precedent, Patterson's contention that his convictions should have merged for sentencing constituted a challenge to his underlying conviction rather than simply to his sentence, and his Motion to Modify Sentence pursuant to OCGA § 17-10-1 (f) was not a proper procedural mechanism for asserting such a claim. See *Ellison*, 283 Ga. at 461; *Richardson*, 334 Ga. App. at 348-349 (3); *Grady*, 311 Ga. App. at 621.[6] Instead, Patterson had to pursue his merger claim "in a type of

---

[6] Two cases involving merger claims and OCGA § 17-10-1 (f) – *Jackson v. State*, 323 Ga. App. 602 (753 SE2d 770) (2013), and *Bowen v. State*, 307 Ga. App. 204 (704 SE2d 436) (2010) – do not compel a different result in this appeal. In *Jackson*, the State conceded that separate counts of theft by receiving stolen property should merge, and the issue of whether such a merger claim could be pursued under

proceeding in which criminal convictions may be challenged." *Nazario*, 293 Ga. at 488 (2) (d). And, Patterson's Motion to Modify Sentence cannot be alternatively construed as one of those traditionally recognized proceedings for challenging a conviction. See generally *Bihlear v. State*, 341 Ga. App. 364, 365 (1) (a) (801 SE2d 68) (2017) (noting that "in determining whether a purported motion to correct a void sentence is in fact such a motion, we look to the substance of the motion rather than its nomenclature") (citation and punctuation omitted).

> [A]n extraordinary motion for new trial is not a remedy available to [Patterson] because [he] pled guilty. Construing [Patterson's] pleading as a motion to withdraw [his] guilty plea or a motion in arrest of judgment is equally ineffectual because both sorts of motions must be filed within the same term of court at which the guilty plea or judgment being challenged was entered. . . . [Additionally, Patterson's motion]

---

OCGA § 17-10-1 (f) was not raised or addressed. *Jackson*, 323 Ga. App. at 603 (2). In *Bowen*, this Court proceeded directly to the merits of the defendant's merger claim and rejected that claim without addressing whether OCGA § 17-10-1 (f) was a proper procedural vehicle. *Bowen*, 307 Ga. App. at 204-205 (1). "It is axiomatic that the decisions of this Court do not stand for points that were neither raised by the parties nor actually decided in the resulting opinion, and that questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (Footnotes and punctuation omitted.) *Palmer v. State*, 282 Ga. 466, 468 (651 SE2d 86) (2007). See *Abreu v. State*, 206 Ga. App. 361, 363 (2) (425 SE2d 331) (1992) (prior cases were not controlling because, unlike the case being decided, they did not address the "issue of the proper procedural vehicle" for a particular claim).

8

cannot be construed as a habeas corpus petition[] [because it was ] filed in the county in which [Patterson] was convicted rather than the county in which [he] is incarcerated.

(Citations and punctuation omitted.) *Smith v. State*, 298 Ga. 487, 487-488 (782 SE2d 17) (2016).[7] Consequently, irrespective of how Patterson's Motion to Modify Sentence is construed, he was not entitled to relief based on his merger claim.

2. Patterson also contends that the trial court erred in denying his Motion to Correct Sentence. Patterson's Motion to Correct Sentence was filed on the same day as his Motion to Modify Sentence and contained the same merger argument. Because the two motions were substantively duplicative, Patterson's contention fails for the same reasons discussed supra in Division 1.

*Judgment affirmed. McMillian and Reese, JJ., concur.*

---

[7] Patterson was sentenced in February 2017, which was in the trial court's January term of court. See OCGA § 15-6-3 (11) (terms of court in Cobb County Circuit commence on the "[s]econd Monday in January, March, May, July, September, and November" of each year). Patterson filed his Motion to Modify Sentence in August 2017, during the July term of court. See id. Furthermore, Patterson filed his motion in Cobb County, Georgia, but he was incarcerated in Wilcox State Prison in Abbeville, Georgia.