# Court of Appeals
# of the State of Georgia

ATLANTA, April 19, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0419. JOSEPH FRANK JORDAN v. THE STATE.**

In January 2018, Joseph Frank Jordan entered a negotiated guilty plea to homicide by vehicle in the first degree and two felony counts of serious injury by vehicle, and he was sentenced on February 15, 2018. Jordan subsequently filed a motion to withdraw his guilty plea. It appears that the trial court orally denied the motion, and Jordan filed a pro se notice of appeal from that pronouncement on January 24, 2019. Thereafter, Jordan filed additional pro se notices of appeal, including two filed after the trial court entered its written order denying Jordan's motion to withdraw his plea. On March 7, 2019, the trial court entered an order indicating that all notices of appeal filed after Jordan's January 24, 2019 notice would be treated as legal nullities and ordering the Clerk to prepare the record for appeal. The record was ultimately sent to this Court, and Jordan's appeal was docketed as A19A1831 on April 9, 2019. In the meantime, Jordan filed an application for discretionary appeal from the trial court's March 7, 2019 order, asserting the trial court erred in ruling his notices of appeal legal nullities.

As an initial matter, it is not clear why Jordan has filed an application, as no section of OCGA § 5-6-35, the discretionary appeal statute, applies. Jordan seeks review of the order deeming his notices of appeal legal nullities. The case is no longer pending below, and the underlying subject matter of the notices of appeal is the denial of Jordan's motion to withdraw his guilty plea. Thus, it appears that the trial court's March 7, 2019 order is directly appealable. See OCGA § 5-6-34 (a) (1); *Smith v. State*, 283 Ga. 376, 376-377 (659 SE2d 380) (2008) (orders resolving timely and out-of-time motions to withdraw guilty pleas have been treated by our Supreme Court as

directly appealable).

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Jordan shall have ten days from the date of this order to file his notice of appeal with the trial court. If he has already filed a notice of appeal in the trial court, he need not file an additional notice. The clerk of the trial court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  04/19/2019        *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*