# Court of Appeals
# of the State of Georgia

ATLANTA,  April 13, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0347.  VICTOR WAYNE WEATHERSPOON v. THE STATE.**

Victor Weatherspoon currently is serving a prison sentence following his guilty pleas to burglary and several other offenses in 2014.  The materials before us contain no indication that he filed a direct appeal from his judgment of conviction.  Following his convictions, Weatherspoon filed a motion to withdraw his guilty pleas and a "Petition for Exoneration," which the trial court denied in a single order entered on October 23, 2019.  Weatherspoon filed this pro se application for discretionary review on March 13, 2020.  We lack jurisdiction.

The denial of Weatherspoon's motion to withdraw his guilty pleas was directly appealable.  See, e.g., *Smith v. State*, 283 Ga. 376, 376 (659 SE2d 380) (2008).  This Court ordinarily will grant an application for discretionary review of a directly appealable order under OCGA § 5-6-35 (j).  See id.  To fall within this general rule, however, the application must be filed within 30 days of entry of the order or judgment sought to be appealed.  See OCGA § 5-6-35 (d), (j).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Weatherspoon's application is untimely, as it was filed 142

days after entry of the order he seeks to appeal.[1]  Accordingly, this application is hereby DISMISSED for lack of jurisdiction.

Because it appears that Weatherspoon has not yet had a direct appeal, and to the extent that his right to a direct appeal may have been frustrated by errors of counsel, he may be entitled to an out-of-time appeal.  See *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995).  He therefore is informed of the following in accordance with *Rowland*, 264 Ga. at 875-876 (2): This application has been dismissed because you failed to file a proper and timely application or notice of appeal.  If you still wish to seek appellate review of your judgment of conviction, you may petition the trial court for leave to file an out-of-time appeal.  If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your convictions.  If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.  The Clerk of Court is DIRECTED to send a copy of this order to Weatherspoon and to his attorney, and the latter also is DIRECTED to send a copy to Weatherspoon.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  04/13/2020

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



, Clerk.

---

[1] In his application materials, Weatherspoon asserts that he did not receive the trial court's October 23 order until after the time to file a timely appeal had expired. If, as Weatherspoon appears to suggest, his right to timely seek appellate review was frustrated due to a trial court error, his remedy is to petition the trial court to vacate and re-enter the order at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684, n. 3 (777 SE2d 475) (2015).